1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN ALLEN,

        Plaintiff,

    v.

CARLVIN JUSTICE,

        Defendant.

Case No. 3:16-cv-05468-JD

**ORDER REMANDING CASE**

Re: Dkt. No. 1

This is an unlawful detainer case alleging $200 in damages that plaintiffs John Allen and Ken David originally filed in Alameda County Superior Court on April 22, 2016.  Dkt. No. 1 at 4. On September 26, 2016, pro se defendant Carlvin Justice removed the case to this Court and filed an accompanying application to proceed *in forma pauperis*.  Dkt. Nos. 1, 3.  The Court finds this case was removed improvidently and without jurisdiction.  The Court remands the action to Alameda County Superior Court and terminates as moot the application to proceed *in forma pauperis*.

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed.  28 U.S.C. § 1441(a).  "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Defendant Justice alleges subject matter jurisdiction on a federal question.  Dkt. No. 1-1 at 1.  For the Court to have federal question jurisdiction, the plaintiff's case must arise under federal law.  28 U.S.C. § 1331.  And the federal question on which jurisdiction is premised must "'be

United States District Court
Northern District of California

1　disclosed on the face of the complaint'" not "supplied via a defense." *Provincial Gov't of*

2　*Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (quoting *Phillips*

3　*Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28 (1974)).

4　　　　These conditions do not exist here.  The complaint alleges a single claim for unlawful

5　detainer and no other causes of action.  Dkt. No. 1 at 3-5.  "The right to relief on the unlawful

6　detainer action does not depend on the resolution of a substantial question of federal law." *Litton*

7　*Loan Servicing, L.P. v. Villegas*, Case No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal.

8　Jan. 21, 2011).  Defendant's brief description of the cause of action states "This action did arose

9　[sic] under federal law and is now removable pursuant to U.S. Const. 8 Amendment XIV section

10　1." Dkt. No. 1 at 2.  It is impossible to discern from defendant's notice of removal any of the

11　essential details that would trigger federal court jurisdiction or the legal theories for which he

12　seeks relief in federal court.  Even so, any possible federal question defenses would not arise as

13　part of the well-pleaded complaint.  Defendant has not met his burden of establishing federal

14　question jurisdiction under 28 U.S.C. § 1331.

15　　　　Federal district courts may also have jurisdiction over suits for more than $75,000 where

16　the citizenship of each plaintiff is different from that of each defendant.  28 U.S.C. § 1332.  But

17　the damages sought in the complaint appear to be $200, and in any event no diversity of

18　citizenship appears on the face of the complaint.  Dkt. No. 1 at 3-6.  Consequently this Court lacks

19　diversity jurisdiction under 28 U.S.C. § 1332.  This case is remanded to Alameda County Superior

20　Court.

21　　　　**IT IS SO ORDERED.**

22　Dated:  October 17, 2016

23

24

25　JAMES DONATO
　　United States District Judge

26

27

28

2